**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**EL DORADO DIVISION**

**LONNIE LYNN MILLER**                                                                      **PLAINTIFF**

v.                                              Civil No.: 1:10-cv-01039

**KEN JONES** *et al.*                                                                     **DEFENDANTS**

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Lonnie Lynn Miller, currently an inmate in the Randall L. Williams Correctional Facility of the Arkansas Department of Correction, in Pine Bluff, Arkansas, filed this civil rights action under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Harry F. Barnes, United States District Judge, referred this case the undersigned for the purpose of making a report and recommendation.

Now before this Court is the Motion to Dismiss filed by Defendant Union County Sheriff's Department. (Doc. 10). The Court has also considered the Memorandum Brief (Doc. 11) filed by Defendant Union County Sheriff's Department in support of this motion.

**I.      Background**

On May 28, 2010, Plaintiff filed his original complaint against Defendants Sheriff Ken Jones, the Union County Sheriff's Department, and Dr. Seale. (Doc. 1, ¶ V). Plaintiff alleged he had been harmed by a broken bunk in the Union County Jail. *Id.* Plaintiff states he was sleeping on the lower bunk and the inmate sleeping on the top bunk placed his foot on the lower bunk to gain access to the top bunk as no ladder or other means of access is provided. *Id.* When the other inmate stepped on Plaintiff's bunk, Plaintiff's bunk gave way, throwing Plaintiff to the floor and tearing a tendon in

Plaintiff's shoulder. *Id.* Plaintiff states that after he suffered this injury access to medical care to address his injuries was delayed for at least two days. (Doc. 1,¶ V). Once Plaintiff received medical care, Plaintiff alleges the doctor did not provide him proper medical care, and it took three visits to the doctor before Plaintiff was referred to a specialist. *Id.* Plaintiff also alleges he "can't receive any medication to ease the pain for the simple fact that I'm in jail." *Id.* Plaintiff also states he has been in pain since March 23, 2010. *Id.*

This Court entered an Order directing service on June 1, 2010. (Doc. 4). In that Order, this Court did not direct service on Defendant Union County Sheriff's Department, as that entity was not capable of being served and Defendant Ken Jones, in his official capacity, represented the interests of the office. *Id.* Defendant Union County Sheriff's Department now comes in its Motion to Dismiss, and requests that the Defendant Union County Sheriff's Department be dismissed as a Defendant to this case as it is not an entity capable of being sued in Section 1983 litigation, and because Defendant Jones in his official capacity, who has been served and has filed his Answer to the Complaint, represents the interests of the Defendant Union County Sheriff's Department and Union County. (Docs. 10, 11).

**II.    Applicable Law**

A sheriff's department is not a legal entity subject to suit under § 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) ( "[s]heriff's departments and police departments are not usually considered legal entities subject to suit" under § 1983); *In re Scott County Master Docket*, 672 F. Supp 1152, 1163 n. 1 (D. Minn. 1987) (sheriff's department is not a legal entity subject to suit under § 1983), *aff'd Myers v. Scott County*, 868 F.2d 1017 (8th Cir. 1989).

The Eighth Circuit has expressly held that dismissal of a police department is proper in a §

1983 suit because a police department is only a "subdivision of the City" and, therefore, not a "jurisdictional [entity] suable as such." *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992). Likewise, a county Sheriff's Department has been held not to be an entity capable of being sued as it is only a department of subdivision of the county. *See e.g., Brown v. Crittenden County*, 2007 WL 4191730 (E.D. Ark. 2007).

### III.  Discussion

Under the case law as set out above, the Defendant Union County Sheriff's Department clearly should be dismissed as a Defendant to the case at bar. It is not a person of entity subject to suit under Section 1983. Moreover, as Sheriff Ken Jones has been sued in his official capacity, he represents the interests of Union County, and no prejudice will fall to the Plaintiff in dismissing the Union County Sheriff's Department as a Defendant.

### IV.  Conclusion

Accordingly, it is the Report and Recommendation of the undersigned that the Motion to Dismiss filed by Defendant Union County Sheriff's Department (doc. 10) be **GRANTED** and the Defendant Union County Sheriff's Department be dismissed with prejudice.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636 (b) (1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED** this **15th day of July 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE